**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| JESSICA OWENS, Individually and as Next Friend of JARRETT ROSS SCHAFER, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-02-185 |
| AMERICAN HOME PRODUCTS CORPORATION et al., | § § § | |
| Defendants. | § § § | |

**ORDER GRANTING DEFENDANTS SIGMA-ALDRICH, INC.'S AND SIGMA-ALDRICH CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

This lawsuit arises out of injuries sustained by Zachary Taylor Brown, Morgan Elizabeth Ward, and Jarrett Ross Schafer ("Minor Plaintiffs") allegedly resulting from mercury contained in childhood vaccines. Now before this Court are the Motion for Summary Judgment on all remaining claims by Sigma-Aldrich, Inc. and Sigma-Aldrich Corporation (collectively, "Sigma-Aldrich") and Plaintiffs' request for dismissal without prejudice contained in their Response, which the Court interprets as a motion. For the following reasons, Sigma-Aldrich's Motion is **GRANTED**, and Plaintiffs' Motion is **DENIED**.

**I. Background**

The Court has recited the facts of this case on many occasions, and it declines to repeat them yet again. Plaintiffs have introduced additional evidence into the record on general causation; however, because the Court's ruling does not depend on this evidence, the Court will not outline that evidence here. The important new fact is that Plaintiffs have admitted that they cannot prove

-1-

specific causation.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S. Ct. at 2512. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 257, 106 S. Ct. at 2514. Once the moving party has shown that there are no issues of material fact, the nonmoving party must "go beyond the pleadings" to show that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "We do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Anderson,* 477 U.S. at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

## III. Specific Causation

-2-

Causation is an essential element of a product liability case, regardless of whether the plaintiff proceeds on a theory of strict liability, negligence, or gross negligence. *See Mission Petroleum Carriers, Inc. v. Solomon,* 106 S.W.3d 705, 710 (Tex. 2003); *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 667 (Tex. 1999); *Houston Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 785 (Tex. 1988); *see also Syrie v. Knoll Int'l*, 748 F.2d 304 (5th Cir. 1984). Proximate cause is also an essential element of both conspiracy and fraud. See *Ernst & Young v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Southeast Tex., Inc.*, 975 S.W.2d 546, 553 (Tex. 1998); *Goldstein v. Mortenson*, 113 S.W.3d 769, 779 (Tex. App.–Austin 2003, no writ).

In a case such as this, causation has two forms: general and specific. General causation refers to whether the allegedly injury-causing product is capable of causing the injury, while specific causation, or cause-in-fact, refers to whether the product actually caused the injury in the particular case. *See, e.g., Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997). A plaintiff must offer evidence of both. *See Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 463 (5th Cir. 1996); *Merrell*, 953 S.W.2d at 720; *Daniels v. Lyondell-Citgo Refining Co.*, 99 S.W.3d 722, 730 (Tex. App.–Houston [1st Dist.] 2003, no writ). Plaintiffs stated in their Response to Sigma-Aldrich's Motion for Summary Judgment that they cannot prove specific causation as to the remaining Minor Plaintiff. (Pls. Resp. at 1.) While Plaintiffs have submitted volumes of documents on the issue of general causation, that issue is irrelevant since Plaintiffs have admitted that they cannot prove specific causation.

The Court has thoroughly examined the record in this case on many occasions and has previously found that Plaintiffs did not show a genuine issue of material fact as to whether thimerosal in vaccines caused Minor Plaintiffs' autism. *See Blackmon v. Am. Home Prods. Corp.*,

-3-

346 F. Supp. 2d 907, 918-19 (S.D. Tex. 2004).  There is no case more appropriate for summary judgment than one in which the plaintiffs admit that they cannot prove an essential element of their case and the remainder of the record supports that admission.  Sigma-Aldrich's Motion for Summary Judgment is therefore **GRANTED**.

## V.  Motion to Dismiss without Prejudice

To the extent that Plaintiffs' Response to Sigma-Aldrich's Motion for Summary Judgment constitutes a Motion to Dismiss without Prejudice pursuant to Fed. R. Civ. P. 41(a), the Court **DENIES** that Motion.  (Pls. Resp. at 1).  First, Plaintiffs offer no legal argument on the propriety of granting that relief.  Second, it would do extreme injustice to Defendants to allow Plaintiffs to dismiss their case now, on the eve of a final decision on the merits, only to allow Plaintiffs to pursue it later at their convenience.  Plaintiffs freely chose the timing and manner of filing and prosecuting this litigation with the knowledge that they might not succeed.  Defendants cannot be expected to bear the burden of a second round of highly contentious and complicated litigation because Plaintiffs do not like the progress of the current case.

## VI.  Conclusion

For the above-stated reasons, Sigma-Aldrich's Motion for Summary Judgment is hereby **GRANTED**.  Plaintiffs' Motion for Dismissal without Prejudice is **DENIED**.  All claims by Plaintiffs and Minor Plaintiffs against Sigma-Aldrich are **DISMISSED WITH PREJUDICE**.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.  A Final Judgment concerning this and all other claims will be entered in due course.

**IT IS SO ORDERED.**

DONE this 12th day of July, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge